CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
6/30/2020
JULIA C. DUDLEY, CLERK
BY: LOTTIE LUNSFORD
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 1:20CR00024 |
| | : |
| SHAUN THAXTER | : |

## PLEA AGREEMENT

I have agreed to enter into a plea agreement with the United States of America, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### A. CHARGE TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

#### 1. The Charge and Potential Punishment

My attorney has informed me of the nature of the charge and the elements of the charge that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I agree to plead guilty to an Information, which is a charge brought by the United States Attorney as opposed to one returned by a Grand Jury. I am waiving and giving up my right to be charged by Indictment and have a Grand Jury vote on my probable guilt.

I will enter a plea of guilty to Count 1 of the Information.

Count 1 charges me under the Responsible Corporate Officer doctrine with the misdemeanor offense of causing the introduction or delivery for introduction into interstate commerce of a drug that is misbranded, in violation of 21 U.S.C. §§ 331(a) and 333(a)(1). The maximum statutory penalty is a fine of $100,000 and imprisonment for a term of one year, plus a term of supervised release of one year.

I understand my assets may be subject to forfeiture, and fees may be imposed to pay for incarceration, supervised release, and costs of prosecution. In addition, a $25 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed. I further understand my supervised release may be revoked if I violate its terms and conditions. I understand a

*Defendant's Initials:* ____

violation of supervised release increases the possible period of incarceration.

I agree that all of the facts set forth in the Information are true and correct and provide the Court with a sufficient factual basis to support my plea. I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises. There has been no promise made whatsoever by anyone as to what the final disposition of this matter will be.

## 2. Waiver of Constitutional Rights Upon a Plea of Guilty

I acknowledge I have had all of my rights explained to me and I expressly recognize I have the following constitutional rights and, by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

a. The right to plead not guilty and persist in that plea;
b. The right to a speedy and public jury trial;
c. The right to assistance of counsel at that trial and in any subsequent appeal;
d. The right to remain silent at trial;
e. The right to testify at trial;
f. The right to confront and cross-examine witnesses called by the government;
g. The right to present evidence and witnesses in my own behalf;
h. The right to compulsory process of the court;
i. The right to compel the attendance of witnesses at trial;
j. The right to be presumed innocent;
k. The right to a unanimous guilty verdict; and
l. The right to appeal a guilty verdict.

## B. SENTENCING PROVISIONS

### 1. General Matters

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and I agree I shall be sentenced to a period of incarceration, if any, within the range of 0 months to 12 months, a fine of $100,000 (one hundred thousand dollars), a forfeiture of $500,000 (five hundred thousand dollars), a mandatory assessment of $25 (twenty-five dollars), no restitution, and a period of supervised release or probation for a term of one year. If there is still a health concern related to COVID-19, the United States does not oppose the Court considering that fact in determining the appropriate sentence. The parties agree this is a reasonable sentence considering all of the facts and circumstances of this case. I understand the Court must sentence me in accordance with this agreement or reject the plea agreement. If, and only

*Defendant's Initials:* ___ST___

if, the Court rejects the plea agreement, I will be given an opportunity to withdraw my guilty plea. The United States and I agree that all other sentencing matters, including, but not limited to, conditions and costs of supervised release or probation, are left to the Court's discretion. Both parties retain the right to present evidence and make arguments as to these other sentencing matters and the appropriate term of imprisonment, if any, within the range set forth above. Because the parties have stipulated the agreed to sentence in the range stated above is reasonable regardless of the guidelines calculations, I waive any right I may have to any future reduction in sentence based on a change in the sentencing guidelines.

I understand I will have an opportunity to review a copy of my presentence report in advance of my sentencing hearing and may file objections, as appropriate. The United States and I will have an opportunity at my sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses called by the other party, and argue to the Court what an appropriate sentence should be within the confines of the terms of this agreement.

I understand I will not be eligible for parole during any term of imprisonment imposed. I understand the Court is not bound by any guideline stipulation contained in this agreement and may sentence me up to the statutory maximum.

I have discussed sentencing issues with my attorney and realize I may be incarcerated.

## 2. Sentencing Guidelines

The parties agree the 2018 edition of the United States Sentencing Guidelines Manual applies to any guidelines calculation made pertaining to my offense. I understand the United States and I will be free to argue what sections should or should not apply.

Unless the Court rejects this plea agreement, I agree to accept responsibility for my conduct. If I comply with my obligations under this plea agreement and accept responsibility for my conduct, the United States will recommend the Court grant me a two-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(a) for purposes of any guidelines calculation. However, I stipulate that if I fail to accept responsibility for my conduct or fail to comply with any provision of this plea agreement, I should not receive credit for acceptance of responsibility. In addition, I understand and agree the United States will have a continuing objection to me receiving credit for acceptance of responsibility until I have testified truthfully at my sentencing hearing, if called upon to testify. I agree the United States will not be required to make any other notice of its objection on this basis.

## 3. Substantial Assistance

*Defendant's Initials:* ___SJ___

I understand the United States will not make a motion for a reduction of my sentence based on substantial assistance. The agreed disposition already takes into account the requirement that I cooperate with the government as described below in paragraph D.10.

### 4. Monetary Obligations

I agree that within thirty (30) days of entering my plea of guilty I will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" in the amount of $100,025 (one hundred thousand twenty-five dollars) to be credited to the mandatory assessment and fine ordered by the court.

## C. FORFEITURE

I agree to the forfeiture of the assets set forth in this section on the grounds set forth in the Order of Forfeiture. I agree this Order of Forfeiture shall be entered by the Court and shall be final at the time I enter my plea. To the extent necessary, I waive notice of forfeiture as to any asset I have agreed to forfeit and waive oral pronouncement at sentencing.

I agree to a forfeiture money judgment in the sum of $500,000 (five hundred thousand dollars). I agree to remit funds in the sum of $500,000 (five hundred thousand dollars) to the United States in full satisfaction of the forfeiture money judgment. I understand that these funds must be remitted in the form of certified funds made payable to the U.S. Marshals Service and are to be remitted to the U.S. Attorney's Office within thirty (30) days of the entry of my guilty plea in this case.

I agree to cooperate fully in the forfeiture of the property to be forfeited. I agree to execute all documents necessary to effectuate forfeiture. I further agree to fully cooperate and testify truthfully on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation related to perfecting the United States' interest in the forfeited property.

I further agree that the forfeiture provisions of this plea agreement are intended to, and will, survive me, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if I had survived, and that determination shall be binding upon my heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant

Defendant's Initials: ST

to this agreement requires me to disgorge wrongfully obtained criminal proceeds, I agree that the forfeiture is primarily remedial in nature.

I understand and agree that forfeiture of this property is proportionate to the degree and nature of the offense committed by me. I freely and knowingly waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I further understand and agree this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the Court.

I hereby release and forever discharge the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which I ever had, now have, or may have in the future in connection with the seizure, detention and forfeiture of the described assets.

## D. ADDITIONAL MATTERS

### 1. Waiver of Right to Appeal

Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence on those grounds or on any ground. In addition, I hereby waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal. I am knowingly and voluntarily waiving any right to appeal. By signing this agreement, I am explicitly and irrevocably directing my attorney not to file a notice of appeal. *Notwithstanding any other language to the contrary, I am not waiving my right to appeal or to have my attorney file a notice of appeal, as to any issue which cannot be waived, by law.* I understand the United States expressly reserves all of its rights to appeal. **I agree and understand if I file any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case such action shall constitute a failure to comply with a provision of this agreement.**

### 2. Waiver of Right to Collaterally Attack

I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless such

*Defendant's Initials:* ST

filing is based on ineffective assistance of counsel. **I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.**

### 3. Information Access Waiver

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

### 4. Waiver of Witness Fee

I agree to waive all rights, claims or interest in any witness fee I may be eligible to receive pursuant to 28 U.S.C. § 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

### 5. Abandonment of Seized Items

By signing this plea agreement, I hereby abandon my interest in, and consent to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. I further waive any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

### 6. Program Exclusion

I agree and acknowledge I may be excluded pursuant to 42 U.S.C. § 1320a-7(a)(1), from participation in Medicare, Medicaid, and all other Federal health care programs as defined in 42 U.S.C. § 1320a-7b(f). I acknowledge that if I am excluded, such exclusion shall have national effect and shall also apply to all other Federal procurement and non-procurement programs. If I am excluded, Federal health care programs will not pay anyone for items or services, including administrative or management services, furnished, ordered, or prescribed by me in any capacity while I am excluded. This payment prohibition would apply to me, anyone who employs or contracts with me, and any hospital or other provider

**Defendant's Initials:** ST

where I provide services. The exclusion would apply regardless of who submits the claims or other request for payment. I understand that violation of the conditions of the exclusion may result in criminal prosecution, the imposition of civil monetary penalties and assessments, and an additional period of exclusion. *See* 42 U.S.C. §§ 1320a-7a and 1320a-7b. I understand that Reinstatement to program participation is not automatic. I understand that if, at the end of the period of exclusion, I wish to apply for reinstatement, I must submit a written request for reinstatement in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. I understand that if I am excluded, I will remain excluded unless and until the OIG reinstates me pursuant to 42 C.F.R. §§ 1001.3001-.3005.

### 7. Deportation

I understand if I am not a citizen of the United States, or if I am a naturalized citizen, pleading guilty may have consequences with respect to my immigration status including, but not limited to, deportation from the United States, denial of United States citizenship, denial of admission to the United States in the future, or denaturalization. I expressly recognize under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences including, but not limited to, automatic removal from the United States, and that no one, including my attorney or the Court, can predict with certainty the effect of a conviction on my immigration status. I am not relying on any promise or belief about the immigration consequences of pleading guilty. I want to plead guilty regardless of any potential immigration consequences.

### 8. Admissibility of Statements

I understand any statements I make (including this plea agreement, and my admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements I make or have made to law enforcement agents, in any setting (including during a proffer), may be used against me in this matter and, in the event I violate any provision of this plea agreement, in any matter brought by the United States against me. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence and stipulate that such statements can be admitted into evidence.

### 9. Completion of Prosecution

The United States agrees that if I comply with my obligations under this plea agreement, it will not prosecute or seek forfeiture against me for any criminal conduct occurring prior to the date this agreement is signed covered by (a) the Indictment in Case

*Defendant's Initials:* ST

No. 1:19cr16, or any violations of law that were the subject matter of the Indictment, (b) the investigation by the United States Attorney's Office for the Western District of Virginia ("USAO-WDVA") and the United States Department of Justice Consumer Protection Branch ("CPB"), and/or (c) the facts known to the USAO-WDVA and CPB regarding the sale, promotion, or marketing of Suboxone or Subutex, in the United States. However, the United States expressly reserves its right to prosecute me for any crime of violence, as defined in 18 U.S.C. § 16.

### 10. Additional Obligations

I agree to be debriefed by law enforcement agents concerning the sale, promotion, or marketing of Suboxone or Subutex, in the United States. I understand it is a felony offense to make false statements to law enforcement agents or to testify falsely. I hereby waive any right under the Fifth Amendment that I may have to refuse to answer any question concerning the sale, promotion, or marketing of Suboxone or Subutex, in the United States, if called by the government to testify and in any debriefing with the government.

I agree not to commit any of the following acts:

- attempt to withdraw my guilty plea, unless the Court rejects the plea agreement;
- deny I committed any crime to which I have pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- make a false statement;
- fail to enter my plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court;
- fail to testify truthfully if called upon to do so (at my sentencing hearing, or any other hearing) concerning the sale, promotion, or marketing of Suboxone or Subutex, in the United States; or
- refuse, on the basis of the Fifth Amendment, to answer any question by the United States Department of Justice concerning the sale, promotion, or marketing of Suboxone or Subutex, in the United States. This obligation does not waive my right to counsel under the Sixth Amendment, attorney-client privilege, or other rights not expressly waived in this agreement.

### E. REMEDIES AVAILABLE TO THE UNITED STATES

*Defendant's Initials:* ST

I hereby stipulate and agree that the United States Attorney's office may, at its election, pursue any or all of the following remedies if I fail to comply with any provision of this agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule.

In addition, I agree if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also hereby waive any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate my obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

## F. GENERAL PROVISIONS

### 1. Limitation of Agreement

This Agreement binds the Department of Justice. Notwithstanding the foregoing, it does not bind the Tax Division of the Department of Justice, other federal agencies, or any state, local, or foreign law enforcement or regulatory agencies, or any other authorities.

### 2. Effect of My Signature

I understand my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand the United States has not accepted my offer until it signs the agreement.

### 3. Effective Representation

I have discussed the terms of the foregoing plea agreement and all matters pertaining

*Defendant's Initials:* ST

to the charges against me with my attorney and am fully satisfied with my attorney and my attorney's advice. At this time, I have no dissatisfaction or complaint with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation.

### 4. Misconduct

If, at any time prior to my sentence being entered, I have any information concerning any conduct of any government attorney, agent, employee, or contractor which could be construed as misconduct or an ethical, civil, or criminal violation, I agree to make such conduct known to the United States Attorney's Office and the Court, in writing, as soon as possible but no later than my sentencing hearing.

### 5. Final Matters

I understand a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand any calculation regarding the guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by anyone regarding the effect of the guidelines on my case.

I understand the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and make any recommendations not prohibited by this agreement.

I understand the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate that the Information provides the Court with a sufficient factual basis to support my plea of guilty.

I understand this agreement does not apply to any crimes or charges not addressed in this agreement. I understand if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this

*Defendant's Initials:* ___SS___

agreement may be used against me in such a proceeding.

I understand my attorney will be free to argue any mitigating factors on my behalf; to the extent they are not inconsistent with the terms of this agreement. I understand I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights with respect to the offense to which I am pleading guilty as well as other charges that could have been brought against me. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

_/s/ Shaun Thaxter_          6/29/20
**Shaun Thaxter**          DATE
Defendant

I have fully explained all rights available to my client with respect to the offense to which he is pleading guilty as well as other charges that could have been brought against him. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_/s/ Wick Sollers_          6/28/2020

**Wick Sollers, Esq.**          DATE
Mark Jensen, Esq.
Counsel for Defendant

*Defendant's Initials:* ST

**The United States Attorney's Office for the Western District of Virginia:**

BY: _____   6-29-20
    DANIEL P. BUBAR            DATE
    *Attorney for the United States,*
    *Acting Under Authority Conferred by 28 U.S.C. Section 515*
ALBERT P. MAYER
    *Trial Attorney, Department of Justice, Civil Division,*
    *Commercial Litigation Branch*
RANDY RAMSEYER
    *Assistant United States Attorney*
KRISTIN L. GRAY
JOSEPH S. HALL
JANINE M. MYATT
    *Special Assistant United States Attorneys / Assistant Attorneys General,*
    *Medicaid Fraud Control Unit, Virginia Office of the Attorney General*
GARTH W. HUSTON
    *Special Assistant United States Attorney / Attorney, Federal Trade Commission*
CAROL L. WALLACK
    *Trial Attorney, Department of Justice, Civil Division,*
    *Commercial Litigation Branch*

**The United States Department of Justice, Consumer Protection Branch:**

BY: _____   6/29/20
    GUSTAV W. EYLER         DATE
    *Director*
JILL P. FURMAN
    *Deputy Director*
CHARLES J. BIRO
MATTHEW J. LASH
    *Trial Attorneys*

**Defendant's Initials:** SS